J-S20009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR F. GUPTON | : | |
| | : | |
| Appellant | : | No. 2892 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004847-2012

BEFORE:    DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 22, 2022**

Appellant, Arthur F. Gupton, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas on April 20, 2022, designating Appellant as a Sexually Violent Predator ("SVP") and imposing lifetime registration under Subchapter I of the Sexual Offender Registration and Notification Act ("SORNA"),[1] following a remand from this Court.  After careful review, we affirm.

In October 2012, a jury found Appellant guilty of Rape, Kidnapping, Sexual Assault, Carrying a Firearm Without a License, Corruption of Minors, and Indecent Assault of Minors in regard to an incident that occurred in 1997.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.51-9799.75.

On May 31, 2013, the trial court imposed an aggregate sentence of 23.5-52 years of incarceration and determined Appellant to be an SVP.

In 2013, Appellant timely appealed his judgment of sentence. After this Court affirmed the judgment of sentence and the Supreme Court denied review, Appellant's sentence became final on August 12, 2015.[2]

Appellant filed a timely Post Conviction Relief Act ("PCRA")[3] Petition on April 29, 2016, raising an ineffectiveness of counsel claim unrelated to the current appeal. The PCRA court dismissed the Petition, and Appellant appealed. This Court affirmed the denial of PCRA relief based upon the ineffectiveness claim but vacated *sua sponte* "his judgment of sentence, to the extent it required SORNA compliance, as well as his designation as an SVP[,]" based upon the intervening decisions in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *abrogated on other grounds by* **Commonwealth v. Santana**, 266 A.3d 528 (Pa. 2021), and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017) ("**Butler I**"), *reversed*, 226 A.3d 972 (Pa. 2020) ("**Butler II**").[4] **Commonwealth v. Gupton**, No. 731 EDA 2018, 2019 WL

_____

[2] **Commonwealth v. Gupton**, 116 A.3d 687 (Pa. Super. 2014) (unpublished memorandum), *allocatur denied*, 116 A.3d 603 (Pa. 2015).

[3] 42 Pa.C.S. §§ 9541-9546.

[4] In **Muniz**, the Supreme Court declared the retroactive application of the increased, punitive SORNA registration requirements unconstitutional in violation of the *ex post facto* clause. **Muniz**, 164 A.3d at 1193. While this Court initially declared the SVP determination procedure unconstitutional in **Butler I**, the Supreme Court subsequently reversed that decision in **Butler II**. **Butler II**, 226 A.3d at 976.

2596383, at *8 (Pa. Super. filed June 25, 2019) (unpublished memorandum). This Court remanded the case "to the trial court to instruct [Appellant] on his proper reporting and registration requirements." *Id.*

Following remand, Appellant filed several overlapping petitions, motions, and appeals, both counselled and *pro se*. Relevant to the instant disposition, while the case was pending on remand, Appellant filed *pro se* a second PCRA Petition on March 19, 2021 ("Second PCRA Petition"). He asserted that his sentence was illegal based upon a violation of the *ex post facto* clause and claimed that the court improperly calculated his prior record score in 2013.

On April 20, 2022, prior to addressing the Second PCRA Petition, the court complied with this Court's remand order to instruct Appellant as to his proper registration requirements. Pursuant to the General Assembly's intervening enactment of Subchapter I and in light of **Butler II**, the court designated Appellant as an SVP and instructed him as to his lifetime registration requirements.[5]

---

[5] Following the decision in **Muniz**, the General Assembly enacted Subchapter I, addressing individuals, such as Appellant, convicted of a sexual offense committed prior to December 20, 2012. 42 Pa.C.S. § 9799.52. Subchapter I imposes lifetime registration for rape and for SVPs. 42 Pa.C.S. §9799.55(b).

On April 21, 2022, Appellant filed a counselled Notice of Appeal "from the Judgment of Sentence entered in this matter April 20, 2022."[6]

While his counseled appeal was pending, Appellant filed *pro se* a "Petition for Reconsideration" on May 2, 2022, with the trial court.[7]

On May 10, 2022, the court addressed the Second PCRA Petition by filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss and subsequently dismissed it on June 30, 2022.[8]

On December 2, 2022, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.[9] In the Rule 1925(b) Statement, counsel summarized the case history but did not specifically raise any issue for appellate review, instead including, *verbatim,* the following issue which Appellant raised *pro se* in his Motion for Reconsideration:

_____

[6] We note that the Order of April 20, 2022, may not technically be a "Judgment of Sentence" as it designated Appellant as an SVP and imposed non-punitive Subchapter I registration requirements. ***See Butler II***, 226 A.3d at 976; ***Commonwealth v. Lacombe***, 234 A.3d 602, 626-7 (Pa. 2020).

[7] The trial court recognized that Motion for Reconsideration was untimely given the pending appeal. Tr. Ct. Op., 12/12/22, at 1 n.1.

[8] The court explained that dismissal of the Second PCRA Petition was appropriate "because the sentencing aspect of the original sentence had not concluded." Tr. Ct. Op. at 4, n.4. The court observed, however, that Appellant could "refile at the appropriate time." ***Id.***

[9] The trial court explained that clerical errors caused the delay. Tr. Ct. Op. at 4 n.5.

> Petitioner states that because this crime took place in 1997, that he should not have been subjected to a law that was established in 2022. Even if this decision was to be made retroactive, that still would eliminate petitioner from these consequences, because these stipulation of S.O.R.N.A. gives a greater harm and makes something legal when it was not legal during the time of the alleged crime.

Pa.R.A.P. 1925(b) Statement, 12/9/20, at ¶ 5.

Counsel, however, stated that the trial court "was correct on April 20, 2022 to find that it was bound by the Pennsylvania Supreme Court's intervening reversal of **Butler I**, and accordingly reimposed the SVP designation and lifetime registration requirements." **Id.** at ¶ 3.[10]

In its Rule 1925(a) Opinion, the court interpreted Appellant's issue as challenging the retroactive application of Subchapter I. It dismissed this claim, relying upon Pennsylvania Supreme Court decisions, which had been filed after this Court's remand of the instant case, rejecting challenges to the retroactive application of Subchapter I's registration requirements and dismissing other constitutional challenges to the SVP designation process. **See** Tr. Ct. Op. at 4-5 (discussing **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), and **Butler II**, 226 A.3d 972). The trial court, therefore, concluded that it had properly designated Appellant as an SVP and accurately instructed him regarding the applicable lifetime registration requirements pursuant to Subchapter I. Tr. Ct. Op. at 5.

---

[10] Counsel asserted that he would file a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **Id.** at ¶ 1. The record does not reflect such filings.

Appellant filed a counseled brief to this Court, appealing from the Order entered on April 20, 2022, raising the following question: "Did the trial court err by dismissing the PCRA Petition?" Appellant's Br. at 3.

We deny relief on this claim for several reasons. First, the order entered on April 20, 2022, from which this appeal was filed did not dismiss a PCRA Petition. Rather, the April 20, 2022 Order designated Appellant as an SVP and reimposed lifetime registration. The court did not dismiss Appellant's Second PCRA Petition until June 30, 2022, two months after counsel filed the instant Notice of Appeal. Simply put, Appellant has not appealed the dismissal of his Second PCRA Petition.

Second, Appellant waived the stated issue by failing to include it in his counseled Pa.R.A.P 1925(b) Statement of Matters Complained of on Appeal. Pa.R.A.P. 1925(b)(4)(vii).

Finally, Appellant baldly relies on the decision rendered by the Chester County Court of Common Pleas in *Torsilieri* when he requests that this Court vacate his SVP designation and registration requirements. Appellant's Br. at 9 (citing *Commonwealth v. Torsilieri*, CP-CR-0001570-2016 (Chester Cty. Ct. Com. Pl. Aug. 23, 2022). Appellant does not explain how *Torsilieri*, which does not involve an SVP designation and addresses the registration requirements of Subchapter H, rather than Subchapter I, applies to him.[11]

---

[11] *Torsilieri* is currently pending before the Supreme Court at Docket No. 97 MAP 2022.

Accordingly, we conclude that the trial court did not err in applying the Supreme Court's most recent decisions in **Butler II** and **Lacombe**.

Order affirmed.

Judge Kunselman joins the memorandum.

Judge Colins files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2023